# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

    Plaintiff,

v.

SHERIFF BENNY DELOACH; DEPUTY KEITH MACK; DEPUTY STACY WILKERSON; DEPUTY LEON MCKENNY; DEPUTY CLINT BASS; ALVIE KIGHT; and JOHN LEE,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-40

## **O R D E R**

This matter is before the Court on Defendants Clint Bass, Benny Deloach, Keith Mack, Leon McKenny, Stacy Wilkerson's Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss Plaintiff's Complaint filed on August 19, 2015. (Doc. 14.) After careful consideration and for the reasons stated below, Defendants' Motion is **GRANTED**.

Plaintiff has filed a complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1) He is proceeding *pro se* and *in forma pauperis*. On August 17, 2015, Defendants Clint Bass, Benny Deloach, Keith Mack, Leon McKenny, Stacy Wilkerson filed a pre-answer Motion to Dismiss. (Doc. 13.) Defendants have moved to stay discovery in this case until that Motion is resolved.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendant Caswell's Motion and that no prejudice will accrue to the parties if Defendant's request is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendant's Motion to Dismiss, at which time a discovery schedule will be entered as to any claims that may remain.

**SO ORDERED**, this 2nd day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA