# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

    Plaintiff,

v.

SHERIFF BENNY DELOACH; DEPUTYKEITH MACK; DEPUTY STACYWILKERSON; DEPUTY LEON MCKENNY;DEPUTY CLINT BASS; ALVIE KIGHT; and JOHN LEE,

    Defendants.

CIVIL ACTION NO.: 2:15-cv-40

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motions to Dismiss. (Docs. 12, 13.) For the reasons which follow, I recommend that the Court **GRANT** Defendants' Motions and **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Additionally, Plaintiff should be **DENIED** leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff filed his Complaint on March 23, 2015 against Benny Deloach, the Sheriff of Appling County, Deputy Keith Mack, Deputy Stacy Wilkerson, Deputy Leon McKenny, and Deputy Clint Bass. (Doc. 1.)[1] Plaintiff alleges that "Defendants have targeted plaintiff to pay

---

[1] This action was also served on Alvie Lee Kight, Sheriff of Toombs County. However, as Kight points out in his Motion to Dismiss, it does not appear that Plaintiff intended to name Kight as a Defendant. (See Doc. 1, p. 2; Doc. 12.) Rather, it appears that Plaintiff was attempting to assert that he had filed a prior lawsuit against Kight. (See Doc. 1, p. 3.) Therefore, Kight was inadvertently served as a Defendant. Plaintiff did not make any allegations against Kight in his Complaint. In his Response to Kight's Motion to Dismiss, Plaintiff alleges that Kight violated his rights by depriving Plaintiff of medical treatment in 2006. (Doc. 19, p. 3.) These allegations have nothing whatsoever to do with the

off fines and to provide county money without due process of law." (Doc. 1, p. 7.) He contends that Defendants have "no reason to pull over plaintiff" because "no traffic laws were violated", and he further claims that Defendants violated his privacy rights by following him with a drone to pinpoint his location. Id. Plaintiff provides no factual contentions in support of these allegations. However, he attached to his Complaint records from criminal cases against him in the State Court of Appling County. (Id., pp. 10–15.) These records indicate that Plaintiff pled guilty to several misdemeanor violations from July of 2013 to November of 2014. Id. As relief, Plaintiff requests that the Court grant him a preliminary injunction, award damages of $50,000 against each Defendant, and reinstate his driver's license. (Id., p. 8.) Defendants filed Motions to Dismiss Plaintiffs' Complaint (docs. 12, 13) to which Plaintiff has responded in opposition (doc. 17).

**DISCUSSION**

In assessing Defendants' Motions, the Court must determine whether Plaintiff's complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350

---

claims in this action. Moreover, Plaintiff cannot amend his Complaint in his response to the Motion to Dismiss. Accordingly, Kight's Motion to Dismiss should be **GRANTED**, and he should be **DISMISSED** as a Defendant in this case.

F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Moreover, the Court cannot supply essential elements of a claim for a pro se plaintiff if these facts are not initially pleaded in the complaint. See, e.g., Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010) (leniency accorded to pro se pleadings "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action") (citation omitted).

After careful consideration of all of the pleadings in this case, I find numerous grounds for dismissal of Plaintiff's Complaint.

**I.     Eleventh Amendment Immunity**

Plaintiff sues all Defendants in their individual and official capacities. (Doc. 1, p. 1.) However, claims against Sheriff Kight as well as Sheriff Deloach and his deputies in their official capacities are the same as claims against the State of Georgia. Therefore, such claims are barred by the Eleventh Amendment to the United States Constitution.

A suit against a person in his official capacity is actually a suit against the governmental entity the person represents. Kentucky v. Graham, 473 U.S. 159 (1985). Consequently, a lawsuit against a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune from suit under the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Eleventh Amendment immunity may be asserted not only by state officers and state officials, but by all persons "acting as an 'arm of the State,' which includes

agents and instrumentalities of the State." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir.2003) (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–30 (1997)). The determination of whether a defendant is an "arm of the state" must be assessed "in light of the particular function which the Defendant was engaged when taking the actions out of which liability is asserted to arise." Id. "As the Supreme Court has explained in determining whether a sheriff is a state or county policymaker for purposes of a § 1983 action, the question is not whether [the sheriff] acts for [the state] or [the county] in some categorical, all or nothing manner, but rather whether the sheriff is acting for the state in a particular area, or on a particular issue." Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1303 (11th Cir.2005) (alteration in original) (internal quotation marks omitted) (citing McMillian v. Monroe Cnty., 520 U.S. 781, 785 (1997)).

The law is well settled that when a Georgia sheriff and members of a sheriff's department act in a law enforcement capacity, they are acting on behalf of the State. See Manders, 338 F.3d at 1308; Grech v. Clayton County, Ga., 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer . . ."). As this Court has recently recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state — not as county officials. . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors—i.e. engaged in general law enforcement functions or making arrests pursuant to state law-they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332-40; Hall v. Fries, No. 7:13–CV–105 HL, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr.9, 2014); Scott v.

4

Mercier, No. 5:06–CV–33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); Lewis v. Wilcox, No. 3:06–cv–29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

In the case at hand, it is clear from Plaintiff's Complaint that any involvement Defendants had in his claims would be in a law enforcement capacity. He complains about Defendants pulling him over for traffic offenses, following him, and making him pay traffic fines. Consequently, Defendants are entitled to Eleventh Amendment immunity from a Section 1983 claim for money damages or other retrospective relief brought against them in their official capacities. For these reasons, the Court should **DISMISS** Plaintiff's official capacity claims.

## II. Supervisory Liability.

In Section 1983 actions, liability must be based on something more than a theory of respondeat superior or vicarious liability. Keating v. City of Miami, 598 F.3d 753,762 (11th Cir. 2010) (citing Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994)); Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff attempts to hold Defendant Deloach and Kight liable based solely on their supervisory positions. His Complaint does not make any allegation that either of these Defendants personally followed him, pulled him over, or were otherwise involved in his alleged deprivation of rights. Moreover, Plaintiff's Complaint has not alleged sufficient factual matter to state a plausible claim that there was a custom or policy that resulted in the deprivation of his rights, that any Defendant directed any alleged unlawful action or failed to prevent it, or that there is a widespread history of abuse to put either Defendant on notice of an alleged deprivation. Plaintiff states in his response to the Motion to Dismiss that Defendant Deloach "is in charge of the day to day operations of the Appling County Sheriff's Department." (Doc. 19, p. 2.)[2] This allegation is insufficient to impose liability under Section 1983, and, therefore, the Court should dismiss Plaintiff's claims against Sheriff Deloach and Sheriff Kight.

### III.    Heck v. Humphrey and Rooker-Feldman

Plaintiff's Complaint centers on his convictions for traffic offenses in Appling County State Court. However, the Complaint indicates that his convictions have not been reversed, expunged, invalidated, called into question by a federal court's issuance of the writ of habeas corpus, or otherwise overturned. (Doc. 1.) Indeed, Plaintiff seeks reinstatement of his license. (Doc. 1, p. 8.) As Plaintiff is seeking compensatory damages, this Court is precluded from reviewing his claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme

---

[2] Plaintiff's Response also states that Deloach should have noticed a history of widespread abuse. However, this allegation was not included in his Complaint, and Plaintiff cannot amend his Complaint when responding to the Motion to Dismiss. Burgess v. Religious Tech. Ctr., Inc., 600 Fed. App'x 657, 665 (11th Cir. Jan. 26, 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss.") (citing Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009)). Furthermore, this conclusory allegation and formulaic recitation of the elements of a cause of action will not suffice to state a claim for supervisory liability. See Twombly, 550 U.S. at 555.

6

Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a Section 1983 plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus.[3] Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his Section 1983 claims would not invalidate his conviction, sentence, confinement, or other

---
[3] Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir.1995).

criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487.

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011) *report and recommendation adopted by,* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp.2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck )); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013) *report and recommendation adopted by*, No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by*, No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

Plaintiff's scant allegations demonstrate that the Heck bar applies to his claims. He calls his underlying criminal proceedings into question by arguing that he was ordered to pay traffic fines "without due process of law." (Doc. 1, p. 7.) Thus, Plaintiff clearly takes issue with the process by which his convictions by guilty plea were obtained. Furthermore, a plaintiff's claim that his guilty plea was not entered into knowingly or voluntarily "goes 'to the fundamental legality' of his conviction and is barred by Heck until the plaintiff shows that his conviction has been invalidated." Lockett v. Wright, No. CV 112-150 (S.D. Ga. Jan. 15, 2013); see also, Salas v. Pierce, 297 Fed. App'x 874, 876 (11th Cir. 2008) (district court properly found that plaintiff's Section 1983 claim against assistant district attorney for conspiring with his counsel to coerce him into pleading guilty was barred by Heck).

Plaintiff also alleges that Defendants have pulled him over "to provide county money" and that they "have no reason to pull over plaintiff" because "no traffic laws were violated." (Doc. 1, p. 7 (emphasis supplied).).[4] If successful, these claims would necessarily invalidate the State Court's judgments that Plaintiff did violate traffic laws. As applied to a Section 1983 claim for a Fourth Amendment search and seizure violation, the Heck bar is not necessarily invoked in every case. For instance, the Eleventh Circuit has noted that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the validity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.2003) (citing Heck, 512 U.S. at 487 n. 7) (footnotes omitted). However, that scenario would present an

---

[4] Plaintiff has also alleged the Defendant used a drone to follow him. These claims would also be barred by Heck. Moreover, "[t]raditionally, watching or observing a person in a public place is not an intrusion upon one's privacy." Summers v. Bailey, 55 F.3d 1564 (11th Cir. 1995). Additionally, courts in this Circuit have held that "[f]ollowing someone, without more, is not a violation of the Constitution or laws of the United States." Hunter v. Abi, No. 2:13-CV-661-WKW, 2014 WL 495359, at *8 (M.D. Ala. Feb. 5, 2014).

9

exception to Heck's general rule—an exception to be applied based on the particular facts of each case: "not all Fourth Amendment claims fit the exception to Heck, and courts 'must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.'" Vickers v. Donahue, 137 Fed. Appx. 285, 290 (11th Cir.2005) (quoting Hughes, 350 F.3d at 1160 n. 2); see also Weaver v. Geiger, 294 Fed. Appx. 529, 533 (11th Cir. 2008) ("We have previously held that [Fourth Amendment claims premised on invalid warrants] can be brought even without proof that the underlying conviction has been called into question. However, we have also determined that Heck would still preclude those claims that 'if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense.' " (quoting Hughes, 350 F.3d at 1160 n. 2)).

In this case, Plaintiff's claims clearly implicate his State Court convictions. Plaintiff's denial of any basis for the reason he was pulled over—his traffic violations—implicates the validity of his convictions for those violations. Additionally, if Plaintiff prevailed on his claim that he was pulled over and detained without the requisite probable cause or reasonable suspicion, the fruit of the poisonous tree doctrine would apply to invalidate or expunge any other offenses he was charged with. See Wong Sun v. United States, 371 U.S. 471, 484–85 (1963) ("[T]his Court held nearly half a century ago that evidence seized during an unlawful search could not constitute proof against the victim of the search. The exclusionary prohibition extends as well to the indirect as the direct products of such invasions.") (citing Weeks v. United States, 232 U.S. 383 (1913)).

Accordingly, a finding that the Defendants' conduct was unlawful, would render Plaintiff's convictions and sentences invalid. Plaintiff has not shown that his convictions or sentences have been favorably terminated. Quite the contrary, Plaintiff states that he is "in the

process of appealing convictions where he did not intelligently enter [guilty pleas] in the State Court of Appling County and others he has not been to Court on [*sic*]." (Doc. 19, p. 2.)[5] Therefore, Plaintiff's claims are unquestionably precluded by the Heck decision.

Additional grounds support dismissal of Plaintiff's claims. Pursuant to the Rooker–Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims which essentially seek review of a state-court criminal conviction against him. "The Rooker–Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). Nor, under the Rooker–Feldman doctrine may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." See Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (quoting Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988)). "Rooker–Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate his conviction by the Appling County State Court and reinstate his license this Court lacks jurisdiction over his claims.

---

[5] If some of Plaintiff's underlying criminal cases are still pending, the Court has further grounds to abstain from exercising jurisdiction under the Younger abstention doctrine. See Cano-Diaz v. City of Leeds, Ala., 882 F. Supp. 2d 1280, 1286 (N.D. Ala. 2012) (citing Younger v. Harris, 401 U.S. 37 (1971); Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1250 (11th Cir.2009)).

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

### III.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

---

[6] A certificate of appealablity is not required in this Section 1983 action.

**CONCLUSION**

For the numerous reasons set forth above, I **RECOMMEND** that the Court **GRANT** Defendants' Motions to Dismiss and **DISMISS THIS ACTION** for Plaintiff's failure to state a claim. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis.*

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 5th day of November, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA